UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VINCENT PACER CLINE,

              Plaintiff,

                                   CASE NO. 2:16-CV-14433
v.                                HONORABLE VICTORIA A. ROBERTS

TANNER,

              Defendant.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.  INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  Michigan prisoner

Vincent Pacer Cline ("Plaintiff"), currently confined at the Woodland Correctional Center in

Whitmore Lake, Michigan, alleges that his constitutional rights were violated when he was

denied access to GED classes due to his STG (security threat group) classification/activity while

confined at the Gus Harrison Correctional Facility in Adrian, Michigan.  Plaintiff names Acting

Captain/STG Coordinator Tanner (first name unknown) as the sole defendant in this action and

sues him in his personal and official capacities.  Plaintiff seeks injunctive relief and monetary

damages.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fees

for this action.  *See* 28 U.S.C. § 1915(a)(1).

### II.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua*

*sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that

the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c);

28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking

redress against government entities, officers, and employees which it finds to be frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it

lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the

relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed.

R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it

does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule

8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*,

550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived

of a right, privilege, or immunity secured by the federal Constitution or laws of the United States;

and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's Prisoner Civil Rights Complaint is subject to summary dismissal.  A prisoner's right to due process only arises if a restriction or other conduct by prison officials impedes a constitutionally-protected liberty interest.  *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005).  In this case, Plaintiff complains about his lack of access to GED classes due to his STG classification/activity and asserts the lack of education is negatively affecting his chance for parole.  It is well-established, however, that a prisoner has no constitutional right to education or rehabilitation while in prison.  *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Carter v. Morgan*, 142 F.3d 432, 1998 WL 69810, *2 (6th Cir. 1998) (table); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989) (no right to rehabilitation).  There is also no constitutional right to parole and Michigan law does not create a liberty interest in being paroled before the expiration of a valid sentence.  *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  Consequently, Plaintiff has no due process right arising from the defendant's alleged refusal to allow him to take GED classes due to his STG classification/activity.  *See, e.g., Carter v. McCaleb*, 29 F. Supp. 2d 423, 429 (W.D. Mich. 1998) ("In the absence of a liberty interest, no process is constitutionally due.").  Plaintiff

thus fails to state a claim upon which relief may be granted as to this issue.

Additionally, to the extent that Plaintiff challenges his STG classification, he similarly

fails to state a viable claim for relief.  A prisoner has no liberty interest in a particular security

classification.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215,

224-25 (1976); *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992).  Moreover, the United States

Court of Appeals for the Sixth Circuit has specifically rejected challenges to STG classifications

and resultant restrictions on prisoners with that designation.  *See, e.g., Harbin–Bey v. Rutter*, 420

F.3d 571, 576–77 (6th Cir. 2005) (STG designation and resulting permanent restrictions is not an

atypical and significant hardship in relation to the ordinary incidents of prison life); *Ford v.

Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (ruling that STG designation is merely a prison

security classification and that prisoner does not have a constitutional right to a particular

security level or classification and dismissing civil rights claim); *Ford v. Martin*, 49 F. App'x

584, 586 (6th Cir. 2002) (dismissing due process and equal protection claims arising from

classification of a prisoner as an STG member without a hearing).  Plaintiff thus fails to state a

claim upon which relief may be granted as to this issue.

Lastly, to the extent that Plaintiff asserts that the defendant did not properly address his

grievances involving his education or security classification, he fails to state a claim upon which

relief may be granted.  The First Amendment guarantees "the right of the people . . . to petition

the Government for a redress of grievances."  U.S. Const. amend. I.  While a prisoner has a First

Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410,

415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the

government to consider, respond to, or grant any relief on a petition for redress of grievances.

*Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").  Moreover, an inmate does not have a constitutionally-protected interest in a jail or prison grievance procedure or the right to an effective procedure.  *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).  To the extent that Plaintiff is dissatisfied with the investigation of his concerns and responses to his grievance, he fails to state a claim upon which relief may be granted.  *Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).  Plaintiff's Prisoner Civil Rights Complaint must therefore be dismissed.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Prisoner Civil Rights Complaint.  The Court also concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

**IT IS SO ORDERED**.

S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2017

5